UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SUN LIFE ASSURANCE COMPANY
OF CANADA,

        Plaintiff,

        v.

WELLS FARGO BANK, N.A., AS
SECURITIES INTERMEDIARY,

        Defendant.

Civil Action No. 17-2679 (MAS) (LHG)

**MEMORANDUM ORDER**

This matter comes before the Court on the motion of Defendant Wells Fargo Bank, N.A., as Securities Intermediary ("Wells Fargo" or "Defendant"), for an Order staying this matter. (ECF No. 22.) Plaintiff Sun Life Assurance Company of Canada ("Sun Life" or "Plaintiff") filed opposition (ECF No. 26) and Defendant replied (ECF No. 27). In its previously-filed motion to dismiss, Sun Life stated:

> At issue in this case is the validity of a $5 million life insurance policy issued by Sun Life on the life of Ruth Kulgman (the "Policy"). Sun Life alleges that the Policy was procured as part of a stranger-originated life insurance ("STOLI") scheme by stranger investors for the illegal purpose of wagering on Ms. Klugman's life.

(Pl.'s Moving Br. 1, ECF No. 10-1.) In its motion to stay, Wells Fargo noted that Judge Peter G. Sheridan, U.S.D.J., previously found that the procurement of a policy alleged to be part of a STOLI scheme is void *ab initio* under New Jersey law and that a later innocent purchaser is entitled to a premium refund. (Def.'s Stay Moving Br. 3, ECF No. 22-1 (citing *Sun Life Assurance Co. of Canada v. Wells Fargo Bank, N.A.* ("*Bergman I*"), 2016 WL 5746352 (D.N.J. Sept. 30, 2016)).) Both parties appealed *Bergman I* and, rather than issue a substantive decision on the appeals, the Third Circuit certified two questions to the New Jersey Supreme Court, specifically:

> (1) Does a life insurance policy that is procured with the intent to benefit persons without an insurable interest in the life of the insured violate public policy of New Jersey and, if so, is that policy void *ab initio*?
>
> (2) If such a policy is void *ab initio*, is a later purchaser of the policy, who was not involved in the illegal conduct, entitled to a refund of any premium payments that they made on the policy?

(*Id.* at 4 (citing *Sun Life Assurance Co. of Canada v. Wells Fargo Bank, N.A.* ("*Bergman II*"), No. 16-4337 (3d Cir. Jan. 30, 2018)).)

Sun Life opposed Wells Fargo's motion to stay, arguing that: (1) the New Jersey Supreme Court has not granted the petition for certification; (2) even if the New Jersey Supreme Court grants the petition for certification, there is no guarantee that it will reach the issues implicated in the present matter; and (3) if the Court is inclined to grant a stay, a total stay of the proceedings goes too far. (*See generally* Pl.'s Opp'n Br., ECF No. 26.) On reply, Wells Fargo indicated that the New Jersey Supreme Court recently accepted the questions certified to it without alteration. (Def.'s Reply Br. 1, ECF No. 27.)

The Court has carefully considered the arguments and finds that a stay is warranted in this matter. Here, the questions the Third Circuit certified to the New Jersey Supreme Court go to the heart of the issue in the present case. The Court, accordingly, finds it both reasonable and prudent to stay the matter pending the New Jersey Supreme Court's guidance. Based on the foregoing, and for other good cause shown,

**IT IS** on this 26th day of March 2018, **ORDERED** that:

1. Defendant's motion to stay (ECF No. 22) is granted. This matter is stayed and administratively terminated pending the New Jersey Supreme Court's consideration of questions certified in *Bergman II*.

2. The parties shall e-file a joint case status letter every ninety days.

2

3. The parties shall e-file a joint case status letter within seven days of the New Jersey Supreme Court's decision, at which time the Court will reopen the matter and issue an appropriate order.

*/s/ Michael A. Shipp*
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE